Curia, per RichardsoN, J.
This case has been ably discussed by the defendant’s counsel. But after the finding of the jury, it lies within a very narrow compass. Either Jack was on board the boat as a hired boat hand, or he had been discharged, but was still retained by the captain, and used as a boat hand, against the will and consent of his owner, the plaintiff, while Jack was a mere inmate or passenger. The law, as applicable to the former or the latter position of Jack in the boat, was fully laid down by the Judge. If the jury should find that he was still a hired boat hand, then he had to run the usual risk of a boatman, and nothing but. the wilful misconduct or culpable negligence of the captain, could render the owners liable for the loss of Jack.
This was the first proposition of the Judge’s charge to the jury, and is plainly the law. It was fully discussed and recognized by the court in the case of Murray vs. The Rail Road Company, 1 McM. 385, and the proper distinction pointed out, with full consideration of the whole subject. The other part of the charge is equally plain. *459 The jury were to decide, first, if Jack had been discharged as a hired boat hand ; if so, secondly, whether the captain did not. again retain and use Jack as a boat hand, without the consent of his owner, and when Jack had become a passenger. If he was so again retained and used, then the defendant was liable for the loss of Jack, even without wilful misconduct or culpable negligence on the part of the captain. Such unqualified liability, for the consequence of interfering with and using the property of another, without his consent, was decided in the case of Wright vs. Gray, 2 Bay, 464. That was the case of a negro boy, whom the defendant, Gray, induced to ride a race, and being killed, Gray was held liable, Other cases of the kind have occurred, and this rule of strict accountability applies emphatically to the unauthorized use of slaves. No other question remains to be decided, unless it be seriously questioned whether the owners of the boat are liable for the acts of their captain, done in his office and occupation as master of the boat. But such liability, by principles of law, is so well recognized in our own cases of Snee vs, Trice, 2 Bay, 344; Topham vs. Roche, 2 Hill, 307, and Wingis vs. Smith, 3 McC. 400, as to preclude the necessity of any discussion on this head ; “ qui facit per aliimi, facit per se.” The rational principle is plainly this; whoever invites general confidence in his agent, placed in a public employment for his own interest, makes himself security for the proper performance of the duties undertaken by, and confided to, such agent. The motion is dismissed on all the grounds of appeal.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred,